1
2
3
4
5
6            UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8  MICHAEL B. NORDLOFF,              )   1:10-cv-02170 AWI MJS HC
                                     )
9                Petitioner,         )   FINDINGS AND RECOMMENDATION
                                     )   REGARDING RESPONDENT'S MOTION
10                                   )   TO DISMISS
       v.                            )
11                                   )   [Doc. 11]
                                     )
12  K. ALLISON,                      )
                                     )
13                Respondent.        )
   _____  )
14

15        Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas

16  Corpus pursuant to 28 U.S.C. § 2254. Respondent is represented by Yun Hwa Harper, Esq.

17  of the office of the Attorney General of California.

18  **I.      BACKGROUND**

19        Petitioner is currently in the custody of the California Department of Corrections and

20  challenges an April 1, 2009 disciplinary violation in which he was found guilty of battery of an

21  inmate with a weapon and assessed a credit forfeiture of 360 days. (Mot. to Dismiss, Ex. 1.,

22  ECF No. 11.) Petitioner filed petitions for writ of habeas corpus in the Kings County Superior

23  Court and the California Court of Appeal, asserting that the disciplinary findings should be

24  reversed because his rights were violated when the staff failed to comply with various

25  California regulations and the California Penal Code.  (Mot. to Dismiss, Exs. 2-5.) Both

26  petitions were denied. (Id.) Petitioner then filed a petition for review in the California Supreme

27  Court asserting similar violations, and it too was denied. (Id., Exs. 6-7.) Finally, Petitioner filed

28  the instant federal petition alleging state regulations were violated at his disciplinary hearing,

1  and that his federal due process rights were violated under <u>Wolff v. McDonnell</u>, 418 U.S. 539

2  (1974).

3       On June 3, 2011, Respondent filed a motion to dismiss the petition. (Mot. to Dismiss.)

4  The motion presents two arguments for dismissal. First, Respondent argues that to the extent

5  that Petitioner's claims are based on violations of state law, they do not present cognizable

6  federal claims. Second, Respondent asserts that Petitioner failed to exhaust his state

7  remedies on his claim regarding inability to present a videotape of allegedly exculpatory

8  evidence at the hearing in violation of his federal due process rights under <u>Wolff v. McDonnell</u>.

9       Petitioner filed an opposition to the motion to dismiss on July 7, 2011, and Petitioner

10  filed a reply on July 13, 2011. (ECF Nos. 14-15.)

11  **II.    <u>PETITIONER'S CLAIMS</u>**

12       In this petition, Petitioner asserts seven claims for relief, listed as follows:

13       1.) he was not provided staff assistance;

14       2.) he was denied due process as he was not provided a videotape of the incident,

15  despite requesting it;

16       3.) his witness was not physically present, but instead appeared telephonically;

17       4.) prison staff improperly stored and referred to the wrong weapon allegedly used in

18  the incident;

19       5.) the investigative employee failed to perform their duties regarding his claim of

20  misidentified weapon;

21       6.) the hearing officer failed to establish that evidence was not reasonably discoverable

22  within regulatory time frames; and

23       7.) that staff failed to comply with appropriate time limits.

24       (Pet. at 17-26, ECF No. 1.)

25       Respondent asserts that all of Petitioner's claims, but for his second claim regarding

26  the videotape evidence, are based on state law violations and not cognizable in federal

27  habeas. With regard to the videotape evidence claim, Respondent asserts that Petitioner did

28  not present the claim on federal grounds to the California Supreme Court and therefore did

1   not exhaust his state remedies.

2   **III.   DISCUSSION**

3       **A.      Procedural Grounds for Motion to Dismiss**

4           Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

5   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

6   not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the

7   Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may

8   be raised by the attorney general, thus avoiding the necessity of a formal answer as to that

9   ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that

10  the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule

11  4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

12  (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Based on the Rules

13  Governing Section 2254 Cases and case law, the Court will review Respondent's motion for

14  dismissal pursuant to its authority under Rule 4.

15       **B.      Failure to Allege Violation of the Federal Constitution or Federal Laws**

16          A federal court may entertain applications for habeas relief from state prisoners who

17  establish that they are "in custody in violation of the Constitution or laws or treaties of the

18  United States." 28 U.S.C. § 2254(a). However, "federal habeas corpus relief does not lie for

19  errors of state law." Swarthout v. Cooke,     U.S.    , 131 S. Ct. 859, 861, 178 L. Ed. 2d 732

20  (2011) (internal quotations omitted). See also Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.

21  Ct. 475, 116 L. Ed. 2d 385 (1991); Engle v. Isaac, 456 U.S. 107, 119, 102 S. Ct. 1558, 71 L.

22  Ed. 2d 783 (1982); see, e.g., Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that

23  state supreme court misapplied state law or departed from its earlier decisions does not

24  provide a ground for habeas relief); Moore v. Rowland, 367 F.3d 1199, 1200 (9th Cir. 2004)

25  (state's violation of its separation-of-powers principles does not give rise to a federal due

26  process violation).

27          A state court's evidentiary ruling is not subject to federal habeas review unless the

28  ruling violates federal law, either by infringing upon a specific federal constitutional or statutory

1    provision or by depriving the defendant of the fundamentally fair trial guaranteed by due

2    process. See Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 79 L. Ed. 2d 29 (1984) ("A

3    federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of

4    state law.")

5         First, with regard to Petitioner's first two claims contained in the present petition,

6    Petitioner cites to relevant federal authority regarding his due process rights, namely Wolff v.

7    McDonnell, 418 U.S. 539 (1974). With regard to claim one, Petitioner states, "It is well settled

8    that 'whether the complexity of the issue makes it unlikely that the inmate will be able to collect

9    and present the evidence necessary for an adequate comprehension of the case... to have

10   adequate substitute aid in form of help from the staff.'" (Pet. at 19, citing Wolff, 418 U.S. at

11   570.) Petitioner has therefore presented a federal claim with regarding to claim one. See

12   Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994). Further, with regard to claim two,

13   Petitioner argues that "it is well settled that 'the right to present evidence is basic to a fair

14   hearing' Wolff (supra) 418 U.S. 539, 566 which was not allowed at this hearing..." (Pet. at 21.)

15        Petitioner's first two claims clearly state alleged violations of federal due process and

16   refer to the seminal Supreme Court case regarding the subject. As the claims clearly state

17   federal claims, Respondent's assertions can not be justified, much less afford a basis for

18   dismissal.  The motion to dismiss shall not be granted on that basis.[1]

19        With regard to Petitioner's other claims, specifically claims three through seven,

20   Petitioner does not refer to any federal constitutional or statutory violation. Instead, Petitioner

21   refers to various California Code of Regulations. For each claim, Petitioner asserts that his

22   _____

23        [1]The Court is concerned with Respondent's allegations in this regard. Petitioner clearly cites to relevant
     federal law with regard to these claims. Respondent even acknowledges, in the motion to dismiss, that Petitioner
24   alleged due process rights violations under Wolff with regard to claim two. (Mot. at 2.) Directly thereafter,
     Respondent argues that Petitioner only presented claims based on state law and refers to five claims falling into
25   that category.   Petitioner, however, presented seven claims in the federal petition. The Court can not determine
     which of those seven claims Respondent intends to include in the five it discusses.   Regardless, Respondent
26   simply ignores Petitioner direct cite to relevant federal authority regarding Petitioner's claim that he was not
     provided staff assistance.  That omission is disturbing.
27        The Court will give Respondent the benefit of the doubt and assume this approach and Respondent's
     omission was based on simple negligence and unintentional.  Any recurrence, however, will precipitate significant
28   sanctions.

"Due Process Rights were violated by state officials." Petitioner's general appeal to a constitutional guarantee as broad as due process is not sufficient to transform Petitioner's claims based on state regulations into cognizable federal habeas claims.

Even if Petitioner's claims three through seven were liberally read as attempts to allege violations of federal due process rights, they do not succeed in doing so.  Only omissions of certain procedural safeguards are considered to violate  federal due process. Specifically, Wolff established five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the Adjustment Committee." Id. Third, "there must be a 'written statement by the fact finders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. at 566. Fifth, "where an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from an . . . inmate designated by the staff." Id. at 570. The Court specifically held that the Due Process Clause does not require that prisons allow inmates to cross-examine their accusers, id. at 567-68, nor does it give rise to a right to counsel in the proceedings, id. at 569-70.

Petitioner's claims three through seven do not implicate federal due process concerns. In claim three, Petitioner claims that his due process was violated by having a witness appear telephonically. Wolff allows a Petitioner to "be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. at 566. Here, Petitioner was

1   able to and did call his witness. Petitioner now only challenges the manner in which he was

2   able to call the witness. Petitioner relies strictly on California law to support his claim that he

3   should be entitled to call a witness in person rather than telephonically. Petitioner does not

4   identify any federal law providing for live witness  appearance.  His  claim does not address

5   a federally protected due process interest.

6          Petitioner's remaining claims address issues with custody of the weapon used in the

7   offense and other conduct by prison staff. None of these claims are protected by a federal due

8   process interest. To the extent that the conduct of prison staff disadvantaged his case, he was

9   provided an opportunity to present his defense and had the right to attempt to explain to the

10  hearing officer how he was disadvantaged. Accordingly, Petitioner's third through seventh

11  claims do not state cognizable federal claims, and must be dismissed.

12         **C.      Exhaustion of State Remedies**

13         Respondent next asserts that Petitioner failed to exhaust his state remedies as he did

14  not present claims based on federal law to the California Supreme Court. Respondent

15  acknowledges Petitioner complained to the California Supreme Court that he was not able to

16  present video evidence, but in so doing did not cite to relevant federal authority and thus did

17  not  properly alert the court to the fact he was presenting a federal claim. (Mot. to Dismiss at

18  4.)

19         A petitioner who is in state custody and wishes to collaterally challenge his conviction

20  by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §

21  2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

22  court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman

23  v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982).

24         A petitioner can satisfy the exhaustion requirement by providing the highest state court

25  with a full and fair opportunity to consider each claim before presenting it to the federal court.

26  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

27  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have

28  specifically told the state court that he was raising a federal constitutional claim. Duncan, 513

U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904

(2001). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.

The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* <u>See</u> <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . .
>
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons</u>, 232 F.3d at 668-669 (emphasis added).

As stated above, only Petitioner's first and second claims present federal grounds for relief. However, upon review of Petitioner's California Supreme Court petition, the Court agrees with Respondent's assertion that Petitioner failed to cite to relevant federal authority and alert the court to the federal claims.

Despite Petitioner's failure to properly present the federal claim to the California Supreme Court, Petitioner's second claim regarding his ability to present videotape evidence was properly presented. In <u>Sandgathe v. Mass</u>, 314 F. 3d 371, 377-78 (9th Cir. 2002), the Ninth Circuit held that absent 'strong evidence' refuting the pass-through doctrine of <u>Ylst v.</u>

Nunnemaker, 501 U.S. 797 (1990) applies, and the later unexplained order of the higher court

rest upon the same grounds as lower courts that previously decided the matter. In this case,

the last reasoned decision was that of the Kings County Superior Court, which dismissed

Petitioners' second claim based on proper federal authority, namely Superintendent v. Hill,

472 U.S. 445, 455-456 (1985).

> Where a court has in fact ruled on a claim, there is no possibility of friction between the state and federal court systems caused by the unseemliness of a federal district court's overturning a state court conviction without the state court's having had an opportunity to correct the constitutional violation in the first instance. In the analogous context of preserving federal claims in state court for federal question review in the United States Supreme Court, the Supreme Court abides by the elementary rule that it is irrelevant to inquire whether a Federal question was raised in a court below when it appears that such question was actually considered and decided. Here, there is no point in asking whether a state court had a full and fair opportunity to resolve federal constitutional claims, when the state court in fact did so.

Sandgathe, 314 F.3d at 377 (citations omitted).

Here, no evidence, strong or otherwise, suggests that the California Supreme Court

based its summary decision on a ground different from that set forth by the Kings County

Superior Court. This Court therefore presumes that the California Supreme Court based its

silent denial on the reasoning in the Superior Court's decision.

Accordingly, Petitioner has exhausted his state remedies with respect to his second

claim. However, as the reasoned decision of the Kings County Superior Court dismissed only

that claim on federal grounds, Petitioner's other claims remain unexhausted and should be

dismissed.

**D.     Stay and Abeyance**

Petitioner, in his opposition to the motion to dismiss, requested the Court stay his

federal petition should it find that his second claim for relief was not exhausted. As the Court

has found Petitioner's second claim for relief exhausted, the Court recommends Petitioner's

request for say and abeyance be denied.

**IV.    CONCLUSION**

The Court finds that Petitioner's third through seventh claims for relief fail to state

cognizable federal claims and recommends that they be dismissed. Petitioner has stated

1    federal claims with respect to his first and second claims.   However,  Petitioner has not

2    exhausted his state remedies for his first claim. Accordingly, the Court recommends

3    Respondent's motion to dismiss be granted in part and denied in part. Specifically, the Court

4    recommends that Petitioner proceed with his second claim for relief and his other claims be

5    dismissed.

6    **V.      RECOMMENDATION**

7           Accordingly, the Court RECOMMENDS that the motion to dismiss be granted in part

8    and denied in part. Specifically, the Court recommends that Petitioner's first and third through

9    seventh claims for relief be dismissed.

10          This Findings and Recommendation is submitted to the assigned United States District

11   Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

12   Local Rules of Practice for the United States District Court, Eastern District of California.

13   Within thirty (30) days after the date of service of this Findings and Recommendation, any

14   party may file written objections with the Court and serve a copy on all parties.  Such a

15   document should  be  captioned  "Objections  to  Magistrate  Judge's  Findings  and

16   Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)

17   days after service of the Objections.  The Finding and Recommendation will then be submitted

18   to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

19   (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

20   waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th

21   Cir. 1991).

22

23

24   IT IS SO ORDERED.

25   Dated:   __January 6, 2012__          ____/s/ _Michael J. Seng_____

26                                         UNITED STATES MAGISTRATE JUDGE

27

28