UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. NORDLOFF,<br><br>        Petitioner,<br><br>    v.<br><br>K. ALLISON,<br><br>        Respondent.               / | 1:10-cv-02170-AWI-MJS (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION CONCERNING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. #11 & #17) |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     On January 9, 2012, the Magistrate Judge filed a Findings and Recommendation that the Motion to Dismiss be granted in part, and denied in part. Specifically, the Magistrate Judge found that Petitioner's first and third through seventh claims should be dismissed, and that Petitioner could proceed with his second claim for relief. This Findings and Recommendation was served on all parties with notice that any objections were to be filed within thirty days of the date of service of the order. Respondent filed objections on February 3, 2012, and Petitioner filed objections on February 8, 2012.

     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Accordingly, having carefully reviewed the entire file, including the Petitioner's and Respondent's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper

analysis.

Respondent, in his objections, asserts that the Magistrate Judge incorrectly relied on <u>Sandgathe v. Mass</u>, 314 F. 3d 371, 377-78 (9th Cir. 2002), in light of the intervening Supreme Court authority set forth in <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004). In <u>Baldwin</u> the Supreme Court disagreed with the reasoning of the Ninth Circuit that claims were properly presented to the highest state court as it had the opportunity to review lower court decisions that addressed the relevant federal issue. Instead, the Supreme Court took a more restrictive approach and held "that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." <u>Baldwin</u>, 541 U.S. at 32.

In <u>Sandgathe</u>, the Ninth Circuit also explained that, "Ordinarily, 'fairly presenting' a federal claim means that 'the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident." 314 F.3d at 376. However, it further held that claims are exhausted when the state court addresses claims by adopting a lower court decision that decided the claim on federal grounds by way of the 'look through' doctrine of <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 115 L. Ed. 2d 706, 111 S. Ct. 2590 (1990).

In light of <u>Baldwin</u>, at least one Ninth Circuit panel has expressed scepticism with regard to whether the holding of <u>Sandgathe</u> remains valid. In <u>Castillo v. McFadden</u>, the Ninth Circuit explained:

> Although we need not resolve the issue here, we question whether <u>Sandgathe</u>'s approach to exhaustion of state court remedies has survived the Supreme Court's recent decision in <u>Baldwin</u>. As previously noted, <u>Baldwin</u> disclaimed our circuit's approach to exhaustion that had effectively required a state appellate court to review a lower court's decision for federal issues. 124 S. Ct. at 1351. Baldwin held that the availability of a lower court opinion addressing a federal issue -- an issue not otherwise presented within the four corners of a petitioner's state appellate briefing -- did not "fairly present" a federal claim to a state court such that the claim would be exhausted. Id. <u>Sandgathe</u>, however, looked to the lower court decision and presumed that the Oregon Court of Appeals had affirmed on the same federal grounds. 314 F.3d at 378. It did not limit the exhaustion inquiry to whether Sandgathe had presented his federal claim in the four corners of

his state court appellate briefing.

Castillo v. McFadden, 399 F.3d 993, 1002 n.4 (9th Cir. 2005). However, more recently, the Ninth Circuit has explained that the reasoning of Sangathe is still valid:

> Regardless of whether or how a petitioner has presented a claim, however, that claim has been exhausted if the state courts have in fact ruled on its merits. See Sandgathe v. Maass, 314 F.3d 371, 377 (9th Cir. 2002) ("Where a court has in fact ruled on a claim, there is no possibility of friction between the state and federal court systems caused by the unseemliness of a federal district court's overturning a state court conviction without the state court's having had an opportunity to correct the constitutional violation in the first instance." (internal quotation marks, alterations, and citation omitted)).

Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011).

This Court sees logic in the reasoning of both the Baldwin and Sandgathe decisions. Furthermore, Baldwin did not expressly overrule the holding in Sandgathe, and by using the modifier 'ordinarily' in stating the exhaustion requirement, the Supreme Court left open the possibility that in certain extraordinary cases, a petitioner need not raise the federal issue in the body of the petition to exhaust state remedies. Until overruled, Sandgathe remains good law, and this Court is bound by its holding. Moreover, while addressing very similar issues, it is possible to distinguish the holdings of Baldwin and Sandgathe. The Supreme Court in Baldwin required the federal claim to be clearly stated in the state court petition to prevent the highest state court from being overwhelmed by the requirement of reading all lower court opinions. 541 U.S. at 31. However, the holding in Sandgathe does not interfere with the reasoning in Baldwin. Instead, it holds that a state court that affirms a habeas decision without opinion is presumed to uphold the judgment on the same grounds as the lower court. 314 F.3d at 377. While a state court is not required to read a lower court decision, the reasoning of the lower court is considered to be adopted by the silent denial of state court unless strong evidence refutes the presumption. In such a case, the lower court decision is effectively adopted by the highest state court. Without Sandgathe, federal courts will have to address the apparent incongruity of finding habeas claims unexhausted despite the fact that the state courts reviewed and denied the claims on federal grounds. Sandgathe is not irreconcilable

1    with <u>Baldwin</u>, and this Court must continue to follow Ninth Circuit precedent. <u>See</u> <u>Miller</u>
2    <u>v. Gammie</u>, 335 F.3d 889, 900 (9th Cir. 2003) (*en banc*) ("[T]he relevant court of last
3    resort must have undercut the theory or reasoning underlying the prior circuit precedent
4    in such a way that the cases are clearly irreconcilable"); <u>United States v. Major</u>, 676 F.3d
5    803, 812 (9th Cir. 2012).

6    Accordingly, the Findings and Recommendation therefore properly relied on
7    relevant Ninth Circuit authority to find that Petitioner exhausted his second claim for relief.

8    Accordingly, IT IS HEREBY ORDERED that:

9    1.   The Findings and Recommendation issued January 9, 2012, is ADOPTED;

10   2.   Respondent's Motion to Dismiss is GRANTED in part and DENIED in part;
11        and

12   3.   The matter is referred to the assigned Magistrate Judge for further
13        adjudication consistent with this order.

14   IT IS SO ORDERED.

15   Dated:   March 21, 2013
16                                                       SENIOR DISTRICT JUDGE